UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID PENTECOST,

    Petitioner,

v.                                                Case No. 3:13cv166/MCR/CJK

MICHAEL D. CREWS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with supporting memorandum (doc. 2). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record (doc. 13). Petitioner has responded in opposition to dismissal (doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On February 3, 1987, petitioner was charged by amended indictment filed in the Circuit Court for Escambia County, Florida, Case No. 87-93, with one count of First Degree Murder (Count I, a capital felony) and one count of Burglary with Assault (Count II, a first degree felony punishable by life imprisonment). (Doc. 13, Ex. C, p. 1032).[1]  Petitioner proceeded to jury trial, where he was found guilty as charged. (*Id*., p. 1227). On October 30, 1987, the jury returned an advisory sentence on the capital offense (First Degree Murder) of life imprisonment without the possibility of parole for 25 years, which was the only alternative sentence to death at the time. (*Id*., p. 1228). The trial court rejected the jury's advisory sentence and, by judgment and sentence rendered December 31, 1987, sentenced petitioner to death on the First Degree Murder, and to a consecutive term of life imprisonment on the Burglary with Assault. (*Id*., pp. 1276-1289). Petitioner directly appealed to the Florida Supreme Court which, on June 29, 1989, affirmed petitioner's convictions but vacated the death sentence on the First Degree Murder and directed the trial court to resentence petitioner to life imprisonment with no possibility of parole for 25 years on that offense. *Pentecost v. State*, 545 So. 2d 861 (Fla. 1989) (copy at Ex. H).

On remand, the trial court resentenced petitioner to life without the possibility of parole for 25 years on the First Degree Murder. (Ex. K). Petitioner's sentence on the Burglary with Assault remained as originally imposed. (*Id*.). Petitioner appealed to the Florida First District Court of Appeal ("First DCA"). By order rendered August 28, 1990, the First DCA dismissed petitioner's appeal as untimely and denied

---

[1]All references to exhibits will be to those provided at Doc. 13, unless otherwise noted.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

*Case No: 3:13cv166/MCR/CJK*

petitioner's petition for writ of habeas corpus seeking a belated appeal. (Ex. O; *see also* Exs. L-N).

On September 5, 1991, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. Q, pp. 1-46). The state circuit court summarily denied the motion. (*Id*., pp. 47-48). The First DCA affirmed in part, reversed in part, and remanded with instructions, by opinion dated July 15, 1992. *Pentecost v. State*, 602 So. 2d 677 (Fla. 1st DCA 1992) (copy at Ex. V). The mandate issued September 16, 1992. (Ex. Y). On January 23, 1993, the circuit court again summarily denied petitioner's postconviction motion. (Ex. AA, pp. 77-81). The First DCA reversed and remanded with instructions that the trial court hold an evidentiary hearing on petitioner's claim that his public defender was ineffective for failing to timely file a notice of appeal after petitioner's resentencing. *Pentecost v. State*, 637 So. 2d 985 (Fla. 1st DCA 1994) (copy at Ex. DD). The mandate issued June 23, 1994. (Ex. EE). The circuit court appointed petitioner counsel, held an evidentiary hearing on petitioner's IAAC claim, and denied relief. (Ex. GG, pp. 77-139, 140-153). The First DCA per curiam affirmed without written opinion on June 21, 1995. *Pentecost v. State*, 656 So. 2d 1279 (Fla. 1st DCA 1995) (Table) (copy at Ex. JJ). The mandate issued July 7, 1995. (Ex. KK).

On May 23, 2012, petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. MM, pp. 1-29). The state circuit court denied the motion. (*Id*., pp. 30-33). The First DCA per curiam affirmed without a written opinion on December 27, 2012. *Pentecost v. State*, 106 So. 3d 933 (Fla. 1st DCA 2012) (Table) (copy at Ex. PP). The mandate issued February 25, 2013. (Ex. SS).

Petitioner filed his federal habeas petition on April 11, 2013. (Doc. 1, p. 1). Petitioner raises one ground for relief: "Counsel was ineffective for failing to object to the sentencing court's imposition of an aggravated departure sentence on Count II without filing contemporaneous written reasons for the departure as required by statute, rendering the sentence palpably unlawful." (*Id*., pp. 5-6). Respondent asserts that the petition should be dismissed as untimely. (Doc. 13).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final prior to the AEDPA's effective date of April 24, 1996.  Accordingly, petitioner had until April 24, 1997, to file his federal habeas petition.  *See Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003); *see also Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209 (11th Cir. 1998).  The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period between April 24, 1996, and April 24, 1997.[2]  Petitioner's motion to correct illegal sentence filed on May 23, 2012, did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the AEDPA's limitations period expired.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate

---

[2] Petitioner's Rule 3.850 proceeding concluded on July 7, 1995, upon issuance of the First DCA's mandate affirming the circuit court's denial of postconviction relief.

to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner's time for seeking federal habeas review expired on April 24, 1997. Petitioner's federal habeas petition, filed April 11, 2013, is untimely.

Petitioner argues in opposition to dismissal that *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), controls this case and mandates that respondent's motion to dismiss be denied. (Doc. 16). Petitioner asserts that *Martinez* implicitly held that if a petitioner can demonstrate either that he was not appointed counsel or that counsel was ineffective during an initial-review collateral proceeding, a petitioner can overcome any procedural obstacle to merits review of his claims, including the AEDPA's one-year statute of limitations. (*Id*., pp. 2-5). The Eleventh Circuit has expressly rejected petitioner's argument. *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Even if the *Martinez* rule or the rationale behind that rule were extended to a § 2254 petition barred by AEDPA's limitations period, that rule could not provide a basis for relief here. Petitioner's state postconviction proceeding concluded on July 7, 1995, <u>before</u> the federal habeas limitations period began to run. Petitioner has not demonstrated that any alleged lack of counsel or ineffectiveness of counsel in that proceeding had any effect on his ability to timely file a federal habeas petition between April 24, 1996, and April 24, 1997. *See Holland v. Florida*, 560 U.S. 631,

130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (holding that a federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal petition (internal quotation marks omitted)).

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 13) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. David Duane Pentecost* in the Circuit Court for Escambia County, Florida, Case No. 87-93, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).